**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Nutrition, Inc. d/b/a The Nutrition Group, | C/A No.   3:25-cv-6658-SAL |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Sysco Columbia, LLC, | |
| Defendant. | |

Plaintiff Nutrition, Inc. d/b/a The Nutrition Group ("The Nutrition Group"), complaining of Defendant Sysco Columbia, LLC ("Sysco"), would respectfully allege and show unto this Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      The Nutrition Group is a corporation organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with its principal place of business located at 580 Wendel Road, Suite 100, Irwin, Pennsylvania 15642.

2.      Sysco is a limited liability company organized and existing pursuant to the laws of the State of South Carolina with its principal place of business located at 131 Sysco Court, Columbia, South Carolina 29209.

3.      This action arises out of a Master Services Agreement (the "Agreement") for food distribution services between The Nutrition Group and Sysco and its Operating Companies.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

5.      Venue in this district is proper pursuant to 28 U.S.C. 1391.

**FACTUAL ALLEGATIONS**

6.      The Nutrition Group provides food service and facility management services to several industries, including many local South Carolina elementary, middle, and high schools.

7.      Sysco is a restaurant supply seller and food distributor serving South Carolina together with its Operating Companies.

8.      On July 3, 2022, Sysco, as the Parent Company along with its Operating Companies (collectively "Sysco"), and The Nutrition Group, as Customer, entered into a food products supply Agreement, pursuant to which Sysco was to provide food distribution services to certain schools in Beaufort and Oconee counties serviced by The Nutrition Group.  A true and accurate copy of the Agreement is attached hereto as **Exhibit A**.

9.      Also under the Agreement, each school location was to purchase from Sysco at least 80% of the dollar volume of its food product purchase requirements in certain categories.

10.     The parties also executed an amendment to the Agreement, setting the effective date for the Agreement as June 30, 2022 and an initial term of one year. A true and accurate copy of the amendment is attached hereto as **Exhibit B**.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

11.     In the course of its business, The Nutrition Group maintains agreements with certain suppliers and/or manufacturers of food products to set product pricing for The Nutrition Group's food purchases directly with the supplier or manufacturer. In the Agreement, these ancillary agreements are referred to as "Supplier Agreements," and the negotiated price for the products is referred to as a "Supplier Guaranteed Distributor Cost." Ex. A, page 3.

12.     Pursuant to the Agreement, the "Sell Price" to The Nutrition Group is generally defined under Paragraph 3.1 as "(i) the Cost of such Product divided by (ii) the difference between

2

100% and the margin percentage specified in <u>Schedule 1</u> [of the Agreement], less (iii) Supplier Allowances." Ex. A, page 2.

13.     "Cost," in turn, is defined in Schedule 2 to the Agreement as "[t]he cost of the Product as shown on the invoice to, or confirmed purchase order… received by, the delivering Operating Company, plus, if the price on such invoice… is not a delivered price, Applicable Freight." *Id*,. at page 8.

14.     However, the terms of the Agreement also provide that where The Nutrition Group has established a Supplier Guaranteed Distributor Cost with a supplier, the amount agreed upon in the Supplier Agreements was to be charged for The Nutrition Group's purchases from Sysco.

15.     To that end, Paragraph 4.1 of the Agreement states, in pertinent part:

"Supplier Agreements" are agreements for which the Supplier and Customer have agreed on… the guaranteed cost supplier will charge Sysco for Product to be resold to Company ("Supplier Guaranteed Distributor Cost"). … **In determining the Sell Price under Section 3.1 of this Agreement of any Product covered by a Supplier Agreement ("Contracted Products"), the delivering [Sysco] Operating Company will replace Cost with Supplier Guaranteed Distributor Cost**, plus, if Supplier Guaranteed Distributor Cost is not a delivered price, Applicable Freight.

<u>Ex. A</u>, page 3 (emphasis added).

16.     At the time that it entered into the Agreement with Sysco, The Nutrition Group had established multiple such Supplier Agreements, including several arranged through Foodbuy, LLC ("Foodbuy"), a Group Purchasing Organization (GPO) that negotiates manufacturer and distributor pricing for its clients, and The Nutrition Group informed Sysco of these Foodbuy Supplier Agreements.  This dispute exclusively involves the "Contracted Products" covered by the Foodbuy Supplier Agreements.

17.     Under Paragraph 4.1 of the Agreement, Sysco was obligated to set the cost for Contracted Products at the Supplier Guaranteed Distributor Cost reflected in the Foodbuy Supplier

3

Agreements, plus, if applicable, freight costs.

18.     Despite having been notified of the Foodbuy Supplier Agreements, Sysco consistently failed to charge The Nutrition Group the proper cost for Contracted Products from July 1, 2022 until March 1, 2023.

19.     Sysco's extended failure to charge The Nutrition Group the proper cost for Contracted Products pursuant to Paragraph 4.1 of the Agreement constituted a breach of the terms of the Agreement.

20.     As a result of Sysco's breach of the Agreement, The Nutrition Group was over-charged by approximately $214,000.

21.     The Nutrition Group has made repeated demands to Sysco to issue The Nutrition Group a credit or refund for this variance, but Sysco has failed to do so.

22.     The Nutrition Group is entitled to a judgment in the approximate amount of $214,000, plus prejudgment interest from the date of each individual overcharge, to the date of judgment.

WHEREFORE, The Nutrition Group prays that the Court enter an Order finding Sysco in default and enter judgment against Sysco in the approximate amount of $214,000, plus prejudgment interest, and for such other and further relief as the Court may deem just and appropriate.

[*Signature page to follow*]

3:25-cv-06658-SAL     Date Filed 07/02/25     Entry Number 1     Page 5 of 5

5

HAYNSWORTH SINKLER BOYD, P.A.


 s/James Y. Becker
James Y. Becker (Fed ID No. 5733)
Sarah J. Conner (Fed ID No. 14384)
1201 Main Street, 22nd Floor
Post Office Box 11889 (29211-1889)
Columbia, South Carolina 29201
Telephone: (803) 779-3080
Facsimile: (803) 765-1243
jbecker@hsblawfirm.com
sconner@hsblawfirm.com

*Attorneys for Plaintiff The Nutrition Group*


July 1, 2025