# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Nutrition, Inc. d/b/a The Nutrition Group, | Civil Action No. 3:25-cv-6658-SAL |
| Plaintiff, | |
| vs. | **SYSCO COLUMBIA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Sysco Columbia, LLC | |
| Defendant. | |

Defendant Sysco Columbia, LLC ("Sysco") responds to the Complaint filed by Plaintiff Nutrition, Inc. d/b/a The Nutrition Group ("Plaintiff"). Sysco denies each and every allegation contained in Plaintiff's Complaint that is not expressly admitted herein, and further responds to the individually numbered allegations of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE[1]

1. Sysco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the allegations.

2. Answering Paragraph 2 of Plaintiff's Complaint, Sysco admits that it is a limited liability company organized and existing pursuant to the laws of the state of Delaware, with its principal place of business in Columbia, South Carolina.

---

[1] For convenience only, Sysco adopts the headings in Plaintiff's Complaint.

3. Answering Paragraph 3 of Plaintiff's Complaint, Sysco admits that it entered into a Master Services Agreement (the "Agreement") with Plaintiff. Sysco denies the remaining allegations of Paragraph 3 of Plaintiff's Complaint.

4. The allegations set forth in Paragraph 4 of Plaintiff's Complaint contain legal conclusions which do not require a response. To the extent a response is required, Sysco denies the allegations in Paragraph 4.

5. The allegations set forth in Paragraph 5 of Plaintiff's Complaint contain legal conclusions which do not require a response. To the extent a response is required, Sysco denies the allegations in Paragraph 5.

## FACTUAL ALLEGATIONS

6. Sysco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the allegations.

7. Answering Paragraph 7 of Plaintiff's Complaint, Sysco admits that it provides food distribution services in South Carolina. Sysco denies the remaining allegations of Paragraph 7.

8. Answering Paragraph 8 of Plaintiff's Complaint, Sysco admits that it entered into the Agreement with Plaintiff. That Agreement speaks for itself and is the best evidence of its own contents. To the extent Plaintiff's characterizations differ from the document's terms, they are denied. Sysco denies the remaining allegations of Paragraph 8 of Plaintiff's Complaint, including any allegations inconsistent with the Agreement.

9. Paragraph 9 of Plaintiff's Complaint references the Agreement, which speaks for itself and is the best evidence of its own contents. To the extent Plaintiff's characterizations differ

from the document's terms, they are denied. Sysco denies the remaining allegations of Paragraph 9, including any allegations inconsistent with the Agreement.

10. Paragraph 10 of Plaintiff's Complaint references an amendment to the Agreement, which speaks for itself and is the best evidence of its own contents. To the extent Plaintiff's characterizations differ from the document's terms, they are denied. Sysco denies the remaining allegations of Paragraph 10, including any allegations inconsistent with the Agreement.

### FIRST CAUSE OF ACTION
(Breach of Contract)

11. Sysco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 11 of Plaintiff's Complaint and, therefore, denies the allegations. The second sentence of Paragraph 11 of Plaintiff's Complaint references the Agreement, which speaks for itself and is the best evidence of its own contents. To the extent Plaintiff's characterizations differ from the document's terms, they are denied. Sysco denies any allegations in the second sentence of Plaintiff's Complaint inconsistent with the Agreement.

12. Paragraph 12 of Plaintiff's Complaint references the Agreement, which speaks for itself and is the best evidence of its own contents. To the extent Plaintiff's characterizations differ from the document's terms, they are denied. Sysco denies the remaining allegations of Paragraph 12, including any allegations inconsistent with the Agreement.

13. Paragraph 13 of Plaintiff's Complaint references the Agreement, which speaks for itself and is the best evidence of its own contents. To the extent Plaintiff's characterizations differ from the document's terms, they are denied. Sysco denies the remaining allegations of Paragraph 13, including any allegations inconsistent with the Agreement.

14. Paragraph 14 of Plaintiff's Complaint references the Agreement, which speaks for itself and is the best evidence of its own contents. To the extent Plaintiff's characterizations differ from the document's terms, they are denied. Sysco denies the remaining allegations of Paragraph 14, including any allegations inconsistent with the Agreement.

15. Paragraph 15 of Plaintiff's Complaint references the Agreement, which speaks for itself and is the best evidence of its own contents. To the extent Plaintiff's characterizations differ from the document's terms, they are denied. Sysco denies the remaining allegations of Paragraph 15, including any allegations inconsistent with the Agreement.

16. Sysco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the allegations.

17. Paragraph 17 of Plaintiff's Complaint references the Agreement, which speaks for itself and is the best evidence of its own contents. To the extent Plaintiff's characterizations differ from the document's terms, they are denied. Sysco denies the remaining allegations of Paragraph 17, including any allegations inconsistent with the Agreement.

18. Sysco denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Sysco denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Sysco denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Sysco denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint to the extent they suggest Plaintiff is entitled to any credit or refund.

22. Sysco denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Sysco denies the allegations set forth in the unnumbered "wherefore" paragraph of Plaintiff's Complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

24. Plaintiff's Complaint fails to state a claim upon which relief may be granted, and as such, Plaintiff's Complaint may be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Sysco reserves the right to file a subsequent motion on this basis, including pursuant to Fed. R. Civ. P. 12(h)(2).

## FOR A SECOND AFFIRMATIVE DEFENSE

25. Plaintiff's alleged damages did not result, directly or indirectly, from any act or omission of Sysco, but such damages, if any, were proximately caused by the acts or omissions of persons other than Sysco, for whom Sysco is in no way liable, and Plaintiff, therefore, is not entitled to recover from Sysco.

## FOR A THIRD AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by the terms of the express contract between the parties.

## FOR A FOURTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred because at all times Sysco fully performed its contractual obligations to Plaintiff in good faith.

## FOR A FIFTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred because Plaintiff was the first party to materially breach the Agreement.

## FOR A SIXTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by its own fraud, misrepresentations, indifference, willful misconduct, careless actions, or inactions.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**

30. To the extent Plaintiff suffered any damages, which Sysco expressly denies, Plaintiff's damages are subject to mitigation and are barred, in whole or in part, by Plaintiff's failure to mitigate such damages.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**

31. Even if Sysco breached the Agreement, which Sysco expressly denies, Sysco had proper justification for doing so.

**FOR A NINTH AFFIRMATIVE DEFENSE**

32. Plaintiff's claims against Sysco are barred by the equitable doctrines of waiver, estoppel, duress, and/or unclean hands.

**FOR A TENTH AFFIRMATIVE DEFENSE**

33. Plaintiff's claims are barred by the doctrine of prevention.

**FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

34. Sysco reserves the right to amend this Answer and assert other defenses as may become appropriate based on information they acquire through discovery or otherwise in the course of this litigation.

**WHEREFORE,** having fully responded to Plaintiff's Complaint, Defendant Sysco Columbia, LLC prays for dismissal of Plaintiff's Complaint, with prejudice, or in the alternative, for a jury trial on the merits of this case and an Order requiring Plaintiff to pay the costs of this action, including reasonable attorneys' fees, and for any other relief this Court deems just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Soren K. Young*
    John F. Kuppens
    Federal Bar No. 5026
    E-Mail: john.kuppens@nelsonmullins.com
    Soren K. Young
    Federal Bar No. 14481
    E-Mail: soren.young@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

*Attorneys for Sysco Columbia, LLC*

Columbia, South Carolina

October 8, 2025